**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEWEY I. COFFMAN,

        Plaintiff-Appellant,

v.

ANN M. VENEMAN, Secretary, U.S.
Department of Agriculture,

        Defendant-Appellee.

No. 05-6218

(D.C. No. 02-CV-1625-F)

(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore

ordered submitted without oral argument.

The United States Department of Agriculture (USDA) terminated

Appellant's employment in May 1997 after two board-certified psychologists

determined that he suffered from a delusional disorder and that returning him to

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his former position would pose a substantial risk to himself and to others. No reasonable accommodation could be made for his return to duty. After his termination, Appellant brought two lawsuits in district court alleging discrimination on the grounds of reprisal, disability, and age. The district court in *Coffman v. Glickman*, CIV-99-1797-F, granted summary judgment to Defendant Secretary Veneman's predecessor, finding that the uncontroverted facts supported the USDA's decision. In the case before us, the district court granted summary judgment on the grounds of claim preclusion and issue preclusion, finding that the matters presented were alleged and adjudicated in *Coffman v. Glickman*.

Claim preclusion prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits. For claim preclusion to apply, the following elements must exist: (1) a final judgment on the merits in a prior action; (2) identity of parties or privies in the two suits, (3) identity of the cause of action in the two suits; and (4) a full and fair opportunity to litigate the prior action. *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1257 (10th Cir. 1997). The district court found that the first, second, and fourth elements had been met. Order, 5 (W.D. Okla. June 7, 2005). As to the third element, whether the instant suit alleges the same cause of action as in the prior case of *Coffman v. Glickman*, the court found that complaints in both actions were extremely similar. *Id*. at 5-6. The district court, in its

extremely detailed review, also considered whether all potential claims alleged in this complaint could have been alleged in the earlier action and concluded:

> Applying the general rule that all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes, it makes no difference whether plaintiff first alleged claims based on reprisals for whistleblowing in the instant action; those claims could have been alleged in the 1999 action because they are predicated upon plaintiff's employment.

*Id*. at 7-8. Finally, the district court found that issue preclusion also entitled Defendant to summary judgment. *Id*. at 16. Although "issue preclusion bars a narrower group of claims" than claim preclusion, the court, "out of an abundance of caution" analyzed the issue preclusion argument even after finding that claim preclusion was satisfied. *Id*. at 15.

We have carefully reviewed the briefs of the Appellant and the Appellee, the district court's disposition, and the record on appeal. We have conducted a de novo review of the district court's grant of summary judgment, and for substantially the same reasons set forth by the district court in its August 7, 2005, Order, we **AFFIRM** the district court's dismissal of Appellant's complaint.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-