FILED
United States Court of Appeals
Tenth Circuit

**March 25, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEWEY COFFMAN,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 07-6258

(D.C. No. CV-07-349-F)
(W. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,
therefore, submitted without oral argument.

Plaintiff Dewey I. Coffman appeals the district court's dismissal of his
claims for defamation, libel, and slander against the United States of America.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

All of Mr. Coffman's claims sound in tort, and, as they are tort claims against the United States, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, applies. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

As we have explained previously, the United States Department of Agriculture ("USDA") terminated Mr. Coffman's employment in May 1997, after two board-certified psychologists determined that he suffered from a "delusional disorder." Coffman v. Veneman, 175 F. App'x 985, 985 (10th Cir. 2006). The psychologists determined that if Mr. Coffman returned to work he would pose a substantial risk to himself and to others. Id. No reasonable accommodation could be made for his return to work. Id. In Veneman, 175 F. App'x at 985-86, we held that Mr. Coffman's claims were barred under the doctrines of claim preclusion and issue preclusion, because the claims had been alleged and adjudicated in a previous case, Coffman v. Glickman, CIV-99-1797-F (W.D. Okla. Nov. 30, 2004).

In the instant case, Mr. Coffman brought an action in Oklahoma state court against several employees of the USDA, alleging claims for defamation, libel, and slander. The United States removed the action to the United States District Court for the Western District of Oklahoma, and filed a motion to substitute itself as a party in lieu of the individual defendants. See 28 U.S.C. § 2679(d). The district court granted the motion.

The United States then filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The United States argued that (1) Mr. Coffman had failed to exhaust administrative remedies, a prerequisite for jurisdiction under the FTCA; (2) the FTCA does not allow suits for defamation, libel, or slander; and (3) the majority of Mr. Coffman's claims were untimely. The district court granted the motion, holding that Mr. Coffman's failure to exhaust administrative remedies deprived the court of jurisdiction, and alternatively, that the FTCA did not allow suits for defamation, libel, or slander.[1]

## II.

"The determination of the district court's subject matter jurisdiction is a question of law which we review de novo." Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991). "The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit." Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852 (10th Cir. 2005) (citing 28 U.S.C. § 1346(b)). "'Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived.'" Id. (quoting Bradley, 951 F.2d at 270).

---

[1] The district court did not address the third argument that the United States put forth because its conclusions on the other arguments presented were dispositive.

Moreover, "[t]he jurisdictional statute, 28 U.S.C. § 2675(a), 'requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'"  Id. (quoting Bradley, 951 F.2d at 970) (other citation and internal quotation marks omitted); see also 28 U.S.C. § 2675(a).  Generally, the presentation of such a claim to the agency must occur within two years after the claim accrues.  28 U.S.C. § 2401(b).

Mr. Coffman has not complied with the FTCA's administrative exhaustion requirement, and as a result, his claims were not properly before the district court. The district court correctly concluded that Mr. Coffman's complaint must be dismissed.  See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").[2]

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] Because the exhaustion issue is dispositive, we need not address the alternative grounds for dismissal.