Stephen BRADLEY, Plaintiff–Appellant,

v.

UNITED STATES of America, BY VETERANS ADMINISTRATION, Defendant–Appellee.

No. 91–2035.

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1991.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., and L.D. Harris, Asst. U.S. Atty., Albuquerque, N.M., for defendant-appellee.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Stephen Bradley filed a medical malpractice suit under the Federal Tort Claims Act (FTCA), for injuries he allegedly incurred during treatment received at Veterans Administration Hospitals in Tucson, Arizona, and Albuquerque, New Mexico, in 1981, 1983, 1984, and 1985. The district court concluded that it was without subject matter jurisdiction to hear Plaintiff's claims arising from incidents which occurred in 1981, 1983, and 1984, because of Plaintiff's failure to adequately present the claims to the proper federal agency within two years of the dates of the incidents as required by the FTCA, 28 U.S.C. § 2401(b).[1] The only claim properly before the court, an incident occurring in 1985, was also dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Plaintiff appeals and we affirm.

Although neither party provided us with a detailed recitation of the facts in this case, it appears the few facts provided are uncontroverted. In approximately November, 1981, Plaintiff had a right elbow prosthesis inserted at the Veterans Hospital in Tucson, Arizona. This prosthesis was removed in 1983, apparently due to infection. A new prosthesis was inserted in 1984,

---

1. 28 U.S.C. § 2401(b) states in part:
 (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....

which was ultimately removed at the Veteran's Hospital in Albuquerque, New Mexico, in October, 1985.

On March 1, 1986, Plaintiff's counsel wrote a letter to the Veterans Administration informing them that Plaintiff alleged two claims for medical malpractice, one arising from the original surgery in 1981, and a second claiming negligence for the operation removing the second prosthesis in 1985. Appellant's App. at 51. Plaintiff's counsel stated that the amount of damages would be "in excess of $100,000.00." *Id.*

The agency responded on October 8, 1986, informing counsel that her letter was deficient in that it failed to place a "sum certain" on Plaintiff's claims and advising counsel of the jurisdictional nature of this requirement.[2] The agency requested that this information, plus additional documentation, be provided. *Id.* at 53. On March 23, 1987, Plaintiff submitted a completed Standard Form 95, Claim for Damage, Injury or Death (SF95), to the Veterans Administration. On this form, Plaintiff's only claim was for the alleged injury resulting from the removal of the second prosthesis in October, 1985, and claiming a sum certain for this alleged injury in the amount of $600,000.00. *Id.* at 48. On September 23, 1987, the agency denied Plaintiff's claim arising from the 1985 surgery. *Id.* at 49.

 The determination of the district court's subject matter jurisdiction is a question of law which we review de novo. *Madsen v. United States ex rel. United States Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir.1987); *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir.1988). We also review the sufficiency of a complaint de novo. *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). In order to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted, the court must determine that "plaintiff can prove no set of facts in support of his claim to entitle him to relief." *Id.* (citation omitted). We will not

disturb the trial court's findings of fact unless shown to be clearly erroneous. *See Everaard v. Hartford Accident & Indem. Co.*, 842 F.2d 1186, 1191 (10th Cir.1988).

 The federal court derives its jurisdiction to entertain claims for damages against the United States from 28 U.S.C. § 2675(a). Section 2675(a) requires that claims for damages against the government be presented to the appropriate federal agency by filing "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir.1984). Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. *Three–M Enters., Inc. v. United States*, 548 F.2d 293, 295 (10th Cir.1977). The requirements are jurisdictional and cannot be waived. *Id.* at 294. In construing the statute of limitations established by the FTCA, we should keep in mind that the FTCA waives the immunity of the United States and "not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

 Plaintiff argues that his claim did not "accrue" until the October 1985 surgery, and therefore, his submission of claims to the agency was timely. The Supreme Court has held that a claim "accrues" for purposes of the two-year limitation, when the plaintiff knows both the existence and the cause of the injury. *Id.* at 122–25, 100 S.Ct. at 359–61. Accrual need not await "awareness by the plaintiff that his injury was negligently inflicted." *Id.* at 123, 100 S.Ct. at 360. The Plaintiff knew of any alleged injury resulting from the actions taken by the hospital in 1981, 1983, and 1984. He had the affirmative duty to seek medical and legal advice regarding his alleged injuries at that time.

---

2. In order to adequately comply with the requirements, a claimant must submit the claim in writing specifying a "sum certain" amount of recovery sought. *See* 28 U.S.C. § 2401(b) and 2675; 28 C.F.R. § 14.2.

*Id.* To allow Plaintiff to postpone accrual until he is passively informed by an outside source that his injury was negligently inflicted would serve to undermine the purpose of the limitations statute, that claims against the government require diligent presentation.[3]

We are aware of no impediment preventing Plaintiff from availing himself of medical and legal advice at the time of, or within a reasonable time after, the incidents. We also can discern no reason why the revelations of negligence would have suddenly appeared at the time of the 1985 surgery. *See Robbins v. United States,* 624 F.2d 971, 972 (10th Cir.1980) (question of knowledge of a legal duty owed or a breach of legal duty is irrelevant in determining when a medical malpractice claim accrues); *Outman v. United States,* 890 F.2d 1050, 1053 (9th Cir.1989) ("continuous-treatment doctrine" is not available to toll the FTCA statute of limitations when plaintiff knows what acts caused the alleged injury).

■ It is clear from the record that the only claim properly presented to the Veterans Administration within the two-year limitations period is Plaintiff's SF95, claiming that the procedure employed to remove the second elbow prosthesis in October 1985, was negligent. We recognize that 28 C.F.R. § 14.2(a) allows for notification to the appropriate agency in a form other than an SF95. The regulation, however, still requires that there be written notification, *plus a claim in a sum certain,* in order to be considered adequate notice. *Henderson v. United States,* 785 F.2d 121, 123 and n. 10 (4th Cir.1986). Because there is no ceiling on the amount, we decline to hold that Plaintiff's valuation of his claim as "in excess of $100,000.00" is sufficient to satisfy the sum certain requirement. *But see Martinez v. United States,* 728 F.2d 694, 697 (5th Cir.1984) ("in excess of $100,000" held to be reasonable compliance with 28 C.F.R. § 14.2). This determination is supported by the fact that Plaintiff's SF95, submitted almost one year after counsel's letter, placed a value on the claim of $600,000.00. Therefore, Plaintiff's first valuation, "in excess of $100,000.00" would not have afforded the agency sufficient information to determine whether Plaintiff's claim was realistic or settleable.

■ Even if Plaintiff's counsel's letter of March 1, 1986, was not deficient as lacking a definite sum certain, it still would not have been timely as to Plaintiff's claims arising in 1981, 1983, and 1984.[4] Failure to comply with the sum certain requirement results in the case being treated "as if no administrative claim had ever been filed." *Caidin v. United States,* 564 F.2d 284, 287 (9th Cir.1977). The district court was thus correct that the only sufficient notice to the agency was Plaintiff's SF95 submitted on March 23, 1987, claiming damages for the October 1985 surgery, well within the two-year limitations period.

We sympathize with Plaintiff's plight and recognize the harsh result of our decision in this case. However, because limitations periods involving waivers of sovereign immunity must be strictly construed, we concur with the district court that all claims of Plaintiff arising from care and treatment received in 1981, 1983, or 1984 are jurisdictionally barred.[5]

---

3. The congressional purposes of the claim presentation procedures are " 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' " *Adams v. United States,* 615 F.2d 284, 288 (5th Cir.) (quoting S.Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* 1966 U.S.Code Cong. & Admin.News 2515, 2516), *opinion clarified by* 622 F.2d 197 (5th Cir.1980). Congress sought to ensure that the agency was sufficiently informed to be able to conduct an investigation and attempt to settle the claim or defend against the claim. *Id.* at 289.

4. Plaintiff does not provide us with exact dates on any of the alleged negligent incidents. In discussing this hypothetical, we can only guess as to whether, if counsel's letter was jurisdictionally sufficient, these incidents would fall within the two-year time limitation.

5. Due to our decision in this case, it is not necessary for this court to reach Plaintiff's issue regarding whether the pretrial order superseded the previous pleadings. Regardless, Plaintiff's informed consent issue was not properly before the court. *See Bush v. United States,* 703 F.2d 491, 495 (11th Cir.1983).

As to Plaintiff's claim that defendant engaged in medical malpractice in regard to the October 1985 surgery to remove the second elbow prosthesis, Plaintiff's own expert testified that the procedure used to remove the prosthesis was appropriate. Appellant's App. at 44. Plaintiff's counsel then conceded in open court that the procedure was proper. *Id.* Thus, the district court's determination that Plaintiff failed to present any facts to support a medical malpractice claim as to this incident, or to set forth any law which would entitle him to relief, was correct.

The Judgment of the United States District Court for the District of New Mexico is AFFIRMED.