Ernest Jack HILL, III, Plaintiff,

v.

**CORRECTIONS CORPORATION OF
AMERICA, et al., Defendants.**

No. 93–3528–RDR.

United States District Court,
D. Kansas.

July 29, 1998.

Ernest Jack Hill, III, USP–Florence, Florence, CO, Pro se.

Michael P. Crow, Crow, Clothier & Bates, Leavenworth, KS, for defendants.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This action was commenced by plaintiff submitting a pleading captioned "Notice of Intent to File a Civil Rights Complaint and Demand for Trial by Jury" together with the civil action filing fee. Plaintiff stated therein that an amended complaint would be "executed" within thirty days; however, after six months passed with nothing filed, the court ordered plaintiff to show cause why the action should not be dismissed for lack of prosecution. No response was filed within the allotted time and mail to plaintiff was returned, so the court ordered the action dismissed. Plaintiff subsequently filed a motion to reopen. The court found good cause to grant the motion and directed plaintiff to file a complaint within a specified time. Plaintiff then filed a pleading entitled "Plaintiff's Supplement to Notice of Intent to File Civil Rights Complaint" and sought an extension of time in which to file his complaint. Plaintiff's "Amended Civil Rights Complaint" was filed on October 11, 1994. Plaintiff is currently incarcerated in the Federal Correctional Institution, Florence, Colorado.

Plaintiff names as defendants, in either the caption or body of his amended complaint, the Corrections Corporation of America at Leavenworth (hereinafter CCA); W. (actually C.A.) Blanchette, Warden, CCA; Carrol Sinclair (corrected in Answer to St. Clair), R.N., Health Services Administrator, CCA; and five John Does alleged to have been

employees of CCA and to have acted "as agents for the Federal Bureau of Prisons."

Plaintiff claims that while he was a federal prisoner being held at CCA, he was assaulted by correctional officers resulting in "severe damage" to his spine and lower back; that he was harassed and discriminated against because he is Hispanic and a homosexual; and that defendant St. Clair falsified his medical records and denied him necessary medication. Plaintiff asserts that defendants' actions and omissions amounted to "cruel and unusual punishment without due process of law" in deprivation of his rights under the Fifth and Eighth Amendments to the United States Constitution, and to "deprivations of rights of the handicapped ... in violation of the Rehabilitation Act of 1973." He seeks declaratory relief, citing 28 U.S.C. §§ 2201, 2202, as well as compensatory and punitive damages.

Plaintiff alleges, in support of his claims, that while serving a federal sentence for bank fraud originating from the Central District of California, he was confined at the CCA from October 3, 1993, through November 3, 1993, as a "federal marshal holdover." He further alleges that during this confinement at CCA, he was assaulted "by the defendants," that defendant St. Clair "falsified medical records" which "stated that the Plaintiff was seeking medication for other reasons than medicinal needs," and denied him medicine "necessary to sustain life" on numerous occasions, and that "defendants" called him a "faggot" and "aids victim" and "discriminated against him."

The court ordered the issuance of summons. Defendants filed Answers denying plaintiff's allegations, together with Motions to Dismiss. Plaintiff filed a pleading in opposition to defendants' Answers and Motions to Dismiss. Having examined all the pleadings, the court finds that defendants' Motions to Dismiss should be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the following reasons.

 The court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991).

However, the complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1109, *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir.1991). A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. *Hall* 935 F.2d at 1109; *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990). A motion to dismiss gives plaintiff notice and opportunity to amend his complaint. *Hall* 935 F.2d at 1110 *quoting McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991). Plaintiff's pro se pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal theories or unfamiliarity with pleading requirements. *Hall* 935 F.2d at 1110.

 At the same time, it is not the proper function of the district court to assume the role of advocate for the pro se litigant. *Id.* The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.* Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. *Id., citing Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990). This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injuries, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Thus, in analyzing the sufficiency of the plaintiff's complaint the court need accept as true only the plaintiff's well-

pleaded factual contentions, not his conclusory allegations. *Hall* 935 F.2d at 1110. The court has reviewed the pleadings in this case with these standards in mind.

Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which provides a remedy for violation of civil rights by federal actors. Defendants object that the CCA and its employees were not acting under federal authority, but that they were private actors as employees of CCA, and that the CCA is a private corporation which does not act under federal authority merely by virtue of the fact that it is a government contractor.

One difficult question presented by this complaint is whether or not jurisdiction lies under *Bivens* to sue a private corporation and employees of that corporation who operate a prison pursuant to a contract with the United States. *See* 18 U.S.C. §§ 4013, 4002. Jurisdiction would clearly lie for claims involving unconstitutional actions taken by federal officials, persons actually employed by the United States or agents of the United States. *Cf. Logue v. United States*, 412 U.S. 521, 524, 93 S.Ct. 2215, 2218, 37 L.Ed.2d 121 (1973). Plaintiff's jurisdictional assertions are based upon an unfounded assumption that the CCA employees who are nothing more than employees of an independent contractor were acting under color of federal authority. Such an assumption is certainly not settled law. The Tenth Circuit Court of Appeals has declined to take a position as to whether a private defendant may be subject to *Bivens* liability and noted a split among the circuit courts on this issue. *See DeVargas v. Mason*, 844 F.2d 714, 719–20, FN5 (10th Cir.1988). This court follows the example of the Tenth Circuit by assuming arguendo that a *Bivens* action is available and proceeds to examine the sufficiency of the complaint.

█ Plaintiff's action against the unnamed defendants must be dismissed for failure to state a claim. The John Doe defendants described only as CCA employees have not been named or identified in the pleadings in any manner whatsoever. As a consequence, personal service could never be effectuated, and no relief can be awarded against them. Plaintiff alleges in conclusory fashion that he was assaulted and discriminated against by "defendants" but never describes events or alleges dates, locations, specific acts or other details. Nor does he ascribe any particular acts to a certain defendant. While assault of a prison inmate by federal correctional officers is clearly actionable under *Bivens,* the wrongdoers must at least be adequately identified and the circumstances of the alleged assault described. Plaintiff's allegations against John Does utterly fail to sufficiently state a cognizable legal claim.

█ Plaintiff's action against Blanchette and CCA also fails to present a claim. While plaintiff designates C.A. Blanchette and CCA as defendants, the complaint is devoid of any allegation of actual participation by these particular defendants in any injurious actions. An individual cannot be held liable in a *Bivens* action pursuant to a theory of respondeat superior. *See Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Kite v. Kelley,* 546 F.2d 334, 337 (10th Cir. 1976). Plaintiff appears to seek recovery against Blanchette and CCA solely on a theory of vicarious liability, assuming they are liable for the acts or omissions of other CCA personnel who allegedly violated plaintiff's constitutional rights. The Tenth Circuit Court of Appeals has held that the proper articulation of supervisory liability in a *Bivens* claim requires allegations of personal direction or of actual knowledge and acquiescence. *Woodward v. City of Worland,* 977 F.2d 1392, 1400 (10th Cir.1992), *cert. denied,* 509 U.S. 923, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993). The complaint contains no allegation that either Blanchette or CCA supervisors personally directed any CCA employee to violate plaintiff's constitutional rights or knew of and acquiesced in any subordinate's actions in violating such rights. Since there are no averments of wrongful acts attributed directly to these defendants in the complaint, their motions to dismiss shall be granted.

█ Plaintiff's claims against defendant St. Clair are mostly conclusory as well. In addition, these claims fail to rise to the level of a constitutional violation. Generally, prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's "serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 292,

50 L.Ed.2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir.1987). Prison officials show deliberate indifference to serious medical needs where they deny, delay, or intentionally interfere with necessary medical care. However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992).

■ Plaintiff alleges that defendant St. Clair refused him medication. He does not allege that the requested medication was prescribed, or why it should have been considered necessary medical treatment, or that he was actually injured in any way by denial of this medicine "on numerous occasions" during the one month he was incarcerated at CCA. The complaint further fails to reflect the level of deliberate indifference on the part of defendant St. Clair necessary to show an Eight Amendment violation in that plaintiff does not allege that she acted with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir.1991). Facts are not alleged establishing more than negligence or a mere disagreement with the treatment prescribed at CCA.

Plaintiff's allegation that defendant St. Clair stated in his medical record that he was seeking pain medication for other than medical purposes, even accepted as true, does not state a federal constitutional violation. Plaintiff does not detail the information allegedly placed in his file or how this resulted in serious personal injury. Similarly, his allegations that he was called names do not rise to the level of a constitutional tort.

Plaintiff's claims of harassment and discrimination are supported by no factual allegations whatsoever. Plaintiff's pleading in opposition to defendants' Motions to Dismiss does nothing to cure the deficiencies in the complaint. The court concludes that defendants' Motions to Dismiss should be sustained and this action must be dismissed for failure to state a claim.

IT IS THEREFORE BY THE COURT ORDERED THAT this action is dismissed and all relief denied.