F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**SEP 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ESTATE OF JOSEPH SCOTT
GLADDEN, by and through its
Personal Representative, Sharron
Gladden; SHARRON GLADDEN,
Individually; SHELLY WALLING;
AMANDA DIANE WALLING,
formerly Gladden, a minor; DEVIN
RYAN GLADDEN, a minor, by and
through their guardian,

      Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF PRISONS;
JOHN DOES 1-10,

      Defendants-Appellees.

No. 00-6361
(D.C. No. 00-CV-287-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this action, plaintiffs seek compensation under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), § 2401(b), §§ 2671-80, from the United States for Joseph Scott Gladden's death, which occurred while he was employed by the Federal Bureau of Prisons. Plaintiffs contend that Mr. Gladden took his own life as a result of improper training, supervision, and accommodation to his medical concerns. The district court concluded that it was without subject matter jurisdiction to hear plaintiffs' claims, because they had failed to file an administrative tort claim which fully complied with the FTCA. Accordingly, the court granted the United States' motion to dismiss. [1]

We review de novo the dismissal of an FTCA complaint for lack of jurisdiction. *See Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). The sole issue on appeal is whether plaintiffs' claim, which stated their damages as "in excess of $100,000, " Aplt. App. at 12, satisfied the notice requirements of

---

[1]     Plaintiffs also alleged violations of Gladden's constitutional rights. The district court dismissed these claims, brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as barred by the statute of limitations. Plaintiffs do not appeal this aspect of the district court's ruling.

the FTCA. Plaintiffs recognize, as they must, that this precise issue was addressed and resolved by this court in *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 271 (10th Cir. 1991). In *Bradley*, we explained that "the FTCA constitutes a waiver of the government's sovereign immunity, [so that] the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." *Id.* at 270 (citation omitted).

The jurisdictional statute, 28 U.S.C. § 2675(a), "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Id.* (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)). "Failure to comply with the sum certain requirement results in the case being treated 'as if no administrative claim had ever been filed.'" *Id.* at 271 (quoting *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977)).

A valuation without a ceiling does not "afford[] the agency sufficient information to determine whether Plaintiff's claim [is] realistic or settleable." *Id.* Accordingly, this court "decline[s] to hold that Plaintiff's valuation of his claim as 'in excess of $100,000.00' [is] sufficient to satisfy the sum certain

requirement." *Id.; see also Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993) (applying *Bradley* and holding that letters requesting "reinstatement, back pay, front pay, damages for alleged blacklisting, and disciplinary action against certain federal employees," did not request a sum certain, and thus did not present an adequate claim).

Plaintiffs in the instant case urge us to revisit the issue and depart from the *Bradley* holding. We are unwilling and unable to do so. The disposition of *Bradley* binds this panel in the instant matter. Absent an intervening, contrary decision of the Supreme Court, one circuit panel cannot overrule the decision of another panel, without express authorization from the en banc court. *See, e.g., United States v. Morris*, 247 F.3d 1080, 1085 (10th Cir. 2001). Because plaintiffs did not file an administrative claim meeting the sum certain requirement, dismissal for lack of jurisdiction was appropriate. The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-