FILED
United States Court of Appeals
Tenth Circuit

May 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVE N. BURTON,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

------------------------------------------------

CHARLES SCHOEPHOERSTER, P.A.;
KEITH BAKER, M.D.; CALVIN
POLLAND, D.O.,

        Defendants.

No. 13-1373
(D.C. No. 1:12-CV-02002-WJM-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Steve N. Burton appeals from the district court's order dismissing his complaint without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1] We affirm.

## I. Background

Mr. Burton sued the United States for wrongful death under the Federal Tort Claims Act (FTCA), alleging that his wife died from untreated influenza due to the negligence of health care providers at Peterson Air Force Base. *See* 28 U.S.C. §§ 1346(b), 2671-80.[2] The FTCA allows claims against the government for "personal injury or death . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). Because the FTCA provides a limited waiver of the government's sovereign immunity, however, "the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). To provide adequate notice, the plaintiff's administrative claim must "specify[] a 'sum

---

[1]    *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.").

[2]    Mr. Burton also named three federal employees as defendants, but they were dismissed with prejudice in the district court by stipulation of the parties. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).

certain' amount of recovery sought." *Id.* at 270 n.2 (citing 28 U.S.C. §§ 2401(b), 2675; 28 C.F.R. § 14.2).

Mr. Burton, through his counsel, had filed his administrative claim on a standard form. Where the form asked for the amount of the wrongful death claim, "In Excess of $1.5 Million" was written in by hand, and where the form asked for the total amount of the claim, "0.00" was typed. Aplt. App. at 36. The government moved to dismiss the complaint under Rule 12(b)(1), arguing that Mr. Burton's failure to specify "a sum certain amount of money damages" in his administrative claim, Aplt. App. at 25, deprived the district court of jurisdiction under 28 U.S.C. § 2675(a) and (b) and 28 C.F.R. § 14.2(a), Aplt. App. at 30-31. The district court granted the government's motion, citing Tenth Circuit decisions holding that amounts expressed in the terms "in excess of" do not state a sum certain, as required for an FTCA administrative claim. *Id.* at 61-63 (citing *Bradley*, 951 F.2d at 271, and *Gladden v. United States Dep't of Justice*, 18 F. App'x 756, 758 (10th Cir. 2001)). Mr. Burton appeals.

## II. Discussion

"We review de novo a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and review findings of jurisdictional facts for clear error." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). However, "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against our

- 3 -

jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Id.* (internal quotation marks omitted).

Mr. Burton does not dispute that his administrative claim specified damages for wrongful death "in excess of" $1.5 million. Rather, he asserts, relying on decisions from other circuits, that by requesting damages "in excess of" $1.5 million, his claim provided sufficient notice for the government to investigate and evaluate his claim for damages for the alleged wrongful death of his wife. He also argues for the first time on appeal that our 1991 holding in *Bradley* should be reevaluated in light of our more recent statement that the notice requirements of 28 U.S.C. § 2675(a) should be assessed pragmatically. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). We ordinarily do not consider issues raised for the first time on appeal, although we have discretion to do so. *Braswell v. Cincinnati Inc.*, 731 F.3d 1081, 1092-93 (10th Cir. 2013). Even considering Mr. Burton's new argument, however, we disagree that *Bradley* is not controlling precedent as to the sum certain requirement for an FTCA claim.

Our rule is that "[a] published decision of one panel of this court constitutes binding circuit precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996). In *Bradley*, we "recognize[d] the harsh result" of a strict construction of the FTCA notice requirements, but we "decline[d] to hold that [a p]laintiff's valuation of his claim as '*in excess of*'

[a specific dollar amount was] sufficient to satisfy the sum certain requirement" because the amount had "no ceiling." 951 F.2d at 271 (emphasis added).

In contrast, the notice requirement we discussed in *Trentadue* was whether the plaintiff's written claim "sufficiently describ[ed] the injury" for which damages were sought. 397 F.3d at 852 (internal quotation marks omitted). In this regard, we noted the First Circuit's description of "the test under § 2675(a) as 'an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement.'" *Id.* (quoting *Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)). In *Trentadue*, however, the plaintiff's administrative claim "specified the damages sought." *Id.* As a result, we had no occasion to address the sum certain requirement in that case, except to note that "a sum certain damages claim" was required and had been made. *Id.* And even if we had addressed the sum certain requirement in *Trentadue* differently than in *Bradley*, (i.e., pragmatically), our rule is that "when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." *Haynes*, 88 F.3d at 900 n.4. Thus, *Bradley* would still control the outcome in this case.[3]

---

[3] Because *Gladden v. United States Department of Justice*, 18 F. App'x 756, 758 (10th Cir. 2001), is an unpublished panel decision, it does not constitute binding precedent. In any event, that decision followed the rule for the "sum certain"

(continued)

The district court thoroughly and correctly discussed Mr. Burton's other arguments under the applicable law, and we need not repeat that discussion here. Mr. Burton has failed to identify any error.

Affirmed.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

requirement established in *Bradley v. United States ex rel. Veterans Administration*, 951 F.2d 268, 271 (10th Cir. 1991).