FILED
United States Court of Appeals
Tenth Circuit

**June 24, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ESTATE OF VERA CUMMINGS, by and
through Personal Representative Elicia
Montoya,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
MOUNTAIN VIEW REGIONAL
MEDICAL CENTER,

     Defendants - Appellees.

No. 15-2044
(D.C. No. 1:12-CV-00081-WJ-GBW)
(D. N.M.)

_____

**ORDER**
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on appellee Mountain View Regional Medical
Center's *Motion for Clarification*, which we have construed as a petition for panel
rehearing. *See* Fed. R. App. P. 40. Upon consideration, and as construed, the request is
granted to the extent of the change made to the last sentence on page 13 in the revised
decision attached to this order. The clerk of court is directed to file the new Order &
Judgment forthwith.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

June 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ESTATE OF VERA CUMMINGS, by
and through Personal Representative
Elicia Montoya,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
MOUNTAIN VIEW REGIONAL
MEDICAL CENTER,

      Defendants - Appellees.

No. 15-2044
(D.C. No. 1:12-CV-00081-WJ-GBW)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.

The Estate of Vera Cummings, by and through personal representative

Elicia Montoya, brought this action in state court for medical negligence and

wrongful death against three doctors (Mark Leatherwood, M.D., Raquel Neeley,

M.D., and Enrique R. Martinez, M.D.) and Mountain View Regional Medical

Center, a private, for-profit hospital in Las Cruces, New Mexico.  Substituting

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

itself for the defendant doctors, the government removed the case to federal court, where the district court granted summary judgment to the private hospital after a discovery dispute. Then, determining the doctors were federal actors triggering the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671–74, the court dismissed the remaining claims against the government for lack of subject matter jurisdiction. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal of the claims against the government, but vacate its rulings against Mountain View with instructions to the district court to remand the case to state court.

**Background**

On January 28, 2008, Ms. Cummings was admitted to the emergency department at Mountain View when she suddenly became dizzy and confused. After being treated by doctors for about 10 days, she was released to another local health care facility where her daughter worked as nurse. Four days later, on February 10, 2008, she died.

In January 2011, nearly three years after her death, Ms. Cummings's estate sued the doctors and Mountain View for medical negligence and wrongful death in New Mexico state court, alleging the doctors improperly medicated her and failed to feed or hydrate her. In April 2011, the doctors' insurance carrier informed the estate that the government may consider the doctors to be federal

actors.  See Aplt. Br. at 8.  The estate then notified the appropriate federal agency by filing a standard notice form (an SF 95).

In January 2012, the government certified that the doctors were federal employees at the federally funded Ben Archer Health Clinic in Hatch, New Mexico, and when they treated Ms. Cummings at Mountain View, they were acting within the scope of their federal employment.  The government removed the case to federal court and substituted itself for the defendant doctors.  The estate challenged the removal and lost.  Over the next three years, the court issued three separate orders that are the foundation for this appeal.

**A.  The court holds that the doctors were acting within the scope of their federal employment**

In 2012, the government filed a motion to dismiss, or in the alternative a motion for summary judgment, arguing that the estate failed to comply with the FTCA, which applied because the doctors were acting within the scope of their federal employment when they treated Ms. Cummings.  In response, the estate disputed that the doctors were federal actors for purposes of the suit and maintained that the FTCA did not apply.  After allowing for written discovery, the court found that the doctors were acting within the scope of their federal employment when they treated Ms. Cummings at Mountain View, and thus, the FTCA was the estate's only path to recovery.  The court ordered additional briefing on whether the estate had complied with the FTCA in pursuing its claims

against the government.

**B.  The court grants summary judgment to Mountain View in part based upon a failure to timely designate an expert**

After a discovery deadline extension, the magistrate judge provided that the estate had to designate its experts and provide reports by May 1, 2014.  Because of an oversight by its counsel, the estate failed to do so.  On June 1, Mountain View designated its experts, provided reports, and moved for summary judgment on all claims.  The estate responded with an unsworn report from an expert and asked the court to defer a ruling on the motion for summary judgment.  After briefing closed, the estate obtained a contested extension to designate an expert by August 1, 2014, which it did.  Meanwhile, the case was reassigned and the newly assigned district judge granted summary judgment after sua sponte overruling the magistrate's grant of an extension.  The district court denied reconsideration of the matter.

**C.  The court dismisses the claims against the government for lack of subject matter jurisdiction**

In November 2014, the estate and the government filed cross motions for summary judgment.  The estate claimed that the government failed to offer any evidence to rebut its expert report that alleged the doctors did not adhere to applicable standards of care; the government argued that report was untimely, and therefore inadmissible, so the estate failed to carry its burden of proof.  A month later, the government filed another motion to dismiss, arguing the court lacked

jurisdiction because the estate's claims were untimely filed under the FTCA. In February 2015, the district court dismissed the estate's claims against the government sua sponte for lack of subject matter jurisdiction.

**Discussion**

On appeal, the estate challenges three of the district court's rulings: (1) the FTCA applies because the doctors were working within the scope of their federal employment when they treated Ms. Cummings at Mountain View; (2) the estate failed to exhaust administrative remedies under the FTCA; and (3) Mountain View is entitled to summary judgment. To prevail against the government, the estate must show either that the doctors were not acting within the scope of their federal employment when they treated Ms. Cummings or that the estate satisfied the FTCA's requirements. To prevail against Mountain View, the estate must show that disputed, material facts preclude summary judgment or that federal jurisdiction over these state claims never existed.

We review the district court's determinations de novo. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004) (de novo review for dismissal for lack of subject matter jurisdiction); Richman v. Straley, 48 F.3d 1139, 1145 (10th Cir. 1995) (de novo review for certification that employees were acting within the scope of their federal employment). We apply the same summary judgment standard as the district court, specifically, Fed. R. Civ. P.

56(a), to determine whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## A. The doctors are federal actors for purposes of this suit

The estate first argues that the defendant doctors were not acting within the scope of their federal employment when they treated Ms. Cummings at Mountain View, the private hospital. Although federal employees,[1] the doctors treated her at the private hospital where they occasionally staffed the emergency department for extra pay. After examining the doctors' responsibilities for Ben Archer (the federal clinic) and the private hospital, the district court held that the doctors were federal actors for purposes of this lawsuit. We agree.

Some explanation of the structure of the federal clinic and the private hospital is necessary first. The federal clinic employs all three defendant doctors and requires them to care for their patients at the clinic and at local hospitals. II Aplt. App. 645 ("The physician will provide health care within and outside the clinic for clinic patients and in emergencies for the general public."). To facilitate this requirement, the clinic ensures that a rotating doctor is available on nights and weekends (the clinic call schedule) to attend to hospitalized patients, see id. at 668, and requires that all clinic doctors have admitting privileges at a

---

[1] The parties agree that at the time of Ms. Cummings's death, the defendant doctors were employed by Ben Archer Health Clinic (the federal clinic), and the clinic and its employees *acting within the scope of their federal employment* can only be sued according to the parameters of the FTCA. See 42 U.S.C. § 233(a), (g)(1)(A) (emphasis added).

local hospital, see id. at 654. The doctors with admitting privileges at Mountain View must also adhere to the private hospital's conditions, including staffing the emergency department at the private hospital on certain nights and weekends (the city call schedule). Id. at 668–69. While on the city call schedule, they admit patients who arrive at the emergency departments to the private hospital. Once admitted, the patients' regular medical providers will assume their care, and if patients lack a primary care doctor, then the admitting physician will continue their treatment at the private hospital. Id. Clinic doctors with admitting privileges at Mountain View must participate in both call schedules, and they are paid differently depending on which call schedule is in effect. Id. When working on the clinic call schedule, the doctors receive a percentage of the fee earned when clinic patients are treated at local hospitals, including Mountain View; the doctors on their city call schedule receive a flat fee. Id.

Examining the doctors' duties under both systems, there is only one way a clinic doctor with admitting privileges at the private hospital would assume responsibility for Ms. Cummings's care outside the scope of his regular, federal employment. The clinic doctor would have to: (1) be working on the city call schedule *and,* (2) admit a patient without a primary care provider. Neither occurred here. On January 28, 2008, when Ms. Cummings was admitted, no clinic doctor was staffing the emergency room for the private hospital. Id. at 669. The doctor in charge of the emergency department that night did call one of the

defendant doctors for advice, but the defendant doctor was contacted not as an occasional contractor at the private hospital but as Ms. Cummings's clinic physician. I Aplt. App. 429, 435. Accordingly, Ms. Cummings had a primary care doctor when she was admitted to the private hospital.[2] She had been treated at the federal clinic for several years, prompting another doctor to call a clinic physician about her care. Because she was a patient, the clinic required a clinic doctor oversee her treatment at the private hospital. II Aplt. App. 668. Any doubts are dispelled by looking at who paid the clinic doctors for Ms. Cummings's care. The federal clinic issued checks to the defendant doctors specifically for Ms. Cummings's treatment at the private hospital. Id. at 675–79.

On appeal, the estate argues that the clinic doctors were not *contractually* required to provide care at local hospitals, because that requirement is contained in a signed job description and those descriptions are separate from the employment contract. Therefore, the estate claims, Ms. Cummings's admission and treatment must have been under the auspices of the agreement with Mountain View. Aplt. Br. at 19. Contracts can, however, validly include provisions of a document not physically part of the contract itself, including a document that is not itself a contract. 17A C.J.S. Contracts § 402. The contracts here refer

---

[2] On appeal, the estate argues that having been a patient in the past does not make Ms. Cummings a clinic patient "for the rest of her life." Aplt. Br. at 19. The estate never contends Ms. Cummings terminated her care at the clinic or sought a new provider. Therefore, there is no reason to doubt Ms. Cummings was a clinic patient at the time of her death.

explicitly to these job descriptions ("[s]ervices shall be provided as described in the official description of the position," see, e.g., II Aplt. App. 605), incorporating these descriptions by reference into the contract, see Holmes v. Colo. Coal. for Homeless Long Term Disability Plan, 762 F.3d 1195, 1210 n.13 (10th Cir. 2014), cert. denied, 135 S. Ct. 1402 (2015). Therefore, we must reject the estate's argument to disregard them.

## B. The estate failed to comply with FTCA requirements

When Congress enacted the FTCA in 1946, it permitted individuals to sue the government for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). This waiver of the federal government's immunity, however, is narrowly construed. Lehman v. Nakshian, 453 U.S. 156, 161 (1981) ("[T]his Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." (quoting Soriano v. United States, 352 U.S. 270, 276 (1957))). That forces plaintiffs, like the estate, to adhere closely to every rule and requirement of the FTCA, including the condition to exhaust their administrative remedies before appearing in federal court. 28 U.S.C. § 2675(a) (requiring claimants to "*first* present[] the claim to the appropriate Federal agency") (emphasis added). This notice requirement is "jurisdictional and cannot be waived." Bradley v. United States ex rel. Veterans

- 9 -

Admin., 951 F.2d 268, 270 (10th Cir. 1991).

After receiving the government's second motion to dismiss, the district court held sua sponte that it lacked subject matter jurisdiction because the estate did not comply with the FTCA requirement to present the claim to the appropriate federal agency *before* filing suit. The plaintiff estate does not dispute the timing: the estate sued in state court and then notified a federal agency, and after that, the government removed the suit to federal court. On appeal, the estate argues the suit's removal to federal court satisfies the timing requirements, and if not, the court should use its equitable powers to waive the order of the administrative filing. Neither argument persuades us to deviate from the narrow limitations prescribed by the FTCA.

The estate argues first that the suit's removal to federal court should constitute a new filing, thus satisfying the exhaustion requirement. Federal jurisdiction depends on facts as they exist when the initial complaint is filed. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). As the district court noted, our decision in Duplan v. Harper, 188 F.3d 1195 (10th Cir. 1999), considered a similar situation—a suit was filed in state court and then notice of the claim was filed to the appropriate federal agency—and affirmed the general rule that new filings in an existing suit cannot correct the failure to exhaust administrative requirements. Id. at 1199 ("Allowing claimants . . . to cure the jurisdictional defect by filing an amended complaint would render the

exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."). We did endorse a narrow exception to this rule. The federal action can suffice as a new action if the court administratively closed the case, the plaintiff filed an amended complaint, and the government agrees to treat it as a new action. Id. at 1200. None of these things happened here. The estate did not attempt to file an amended complaint, choosing instead to rely on the government's removal to federal court. As our precedent demonstrates, this is clearly not enough.

The estate then essentially argues for equitable estoppel, asking us to waive the administrative exhaustion requirement. Aplt. Br. at 15–16. We have held the requirement to exhaust is jurisdictional, see Bradley, 951 F.2d at 270, and jurisdictional requirements cannot be waived. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015) (noting that when a requirement is jurisdictional, "a litigant's failure to comply . . . deprives a court of all authority to hear a case"). The estate relies on recent precedent to question whether administrative exhaustion is still considered jurisdictional. Aplt. Br. at 15 (citing Barnes v. United States, 776 F.3d 1134 (10th Cir. 2015)). This precedent, however, discusses whether the time to file in federal court *after* administrative exhaustion is jurisdictional, not whether administrative exhaustion itself is jurisdictional. Barnes, 776 F.3d at 1139–40 ("We start by observing that the FTCA has both an administrative-exhaustion requirement . . . and a statute of

- 11 -

limitations" and "we ask whether . . . [the] *statute of limitations* may operate to bar an FTCA claim.") (emphasis added).  Finding no support for the argument that this exhaustion is not jurisdictional, we cannot overlook the requirement.

**C. The district court lacked jurisdiction over the supplemental claims**

The estate's final argument on appeal concerns Mountain View, the other defendant.  The district court awarded summary judgment to the private hospital in part based upon a failure of proof related to the expert disclosure deadline.  It is uncontested that the district was exercising supplemental jurisdiction.  Apart from the merits, the estate correctly argues that if the district court's dismissal of the case for lack of subject matter jurisdiction is affirmed, the prior rulings on the supplemental claims must be extinguished.  Aplt. Br. at 27.

Federal courts are courts of limited jurisdiction that can only entertain certain claims.  When a case is properly in federal court, however, the district court has supplemental jurisdiction over any claims that are "so related" to the jurisdiction-invoking claim "that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367(a).  If a district court dismisses the federal claims on the merits, it can as a matter of discretion exercise supplemental jurisdiction.  But when a district court dismisses the federal claims for lack of subject matter jurisdiction, it lacks such discretion and must dismiss the supplemental claims without prejudice.  See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1167 (10th Cir. 2004); Scott v. Pasadena

Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002); see also 16 Moore's Federal Practice Civil § 106.66 (collecting cases). Though Mountain View argues that the estate has waived this issue for failure to cite authority or develop its argument, supplemental jurisdiction is incompatible with a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996).

The dismissal of the federal claims is AFFIRMED. The district court's rulings on the supplemental claims against Mountain View are VACATED with instructions to the district court to remand to New Mexico state court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge