Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 23-1202

JOSÉ LUIS ROLDÓN-BARRIOS,

Plaintiff, Appellant,

v.

UNITED STATES,

Defendant, Appellee,

DEPARTMENT OF VETERANS AFFAIRS, VETERANS ADMINISTRATION
HOSPITAL, ROBERT WILKIE, ROSA EMILIA RODRIGUEZ, JOHN DOE,
RICHARD ROE,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

---

Before

Rikelman and Aframe, Circuit Judges.[*]

---

Juan R. Rodríguez and Rodríguez López Law Office, P.S.C., on
brief for appellant.

Gabriella S. Paglieri, W. Stephen Muldrow, United States
Attorney, and Mariana E. Bauzá-Almonte, Assistant United States
Attorney, Chief, Appellate Division, on brief for appellee.

---

[*] This case was submitted to a panel that initially included
Judge Selya, who passed away while it was pending. The remaining
two panelists issued this opinion pursuant to 28 U.S.C. § 46(d).

October 20, 2025

**PER CURIAM**.  This is an appeal from the grant of summary judgment in a case involving the application of the discovery rule to the accrual of claims under the Federal Tort Claims Act ("FTCA") and Puerto Rico law.  Appellant José Luis Roldán-Barrios ("Roldán") contends that the district court erred in concluding that he filed his medical malpractice claims against the United States over two decades after the statute of limitations had elapsed.[1]  We affirm.

The pertinent background comes primarily from the government's statement of material facts, which were admitted by Roldán.  On January 25, 1995, Roldán underwent surgery at the VA Caribbean Healthcare System ("VA"), during which an intramedullary rod and nail were inserted to fix fractures in the tibia and fibula of his right leg.  In September of that year, he went to the VA emergency room complaining of fever, pain, redness, and hotness in his right knee and leg after suffering an ankle sprain, and medical professionals diagnosed him with cellulitis.  Notes from the following day reflect that Roldán's leg was infected, and both the intramedullary rod and nail were surgically removed at the end of September.  Roldán returned to the VA about seven weeks later, complaining again of fever, redness, and warmth that had persisted

---

[1]    Appellant is referred to as Roldón in the Amended Complaint and by the district court.  However, the Amended Complaint refers to Appellant as Roldán, as do his brief and medical records.  Appellant also averred in his affidavit that his last name is Roldán-Barrios, not Roldón-Barrios, so we refer to him throughout this opinion accordingly.

for two days in his right leg. Appellant was once more diagnosed with cellulitis and admitted to the hospital through December 2, 1995. He subsequently experienced recurrent infections in his right leg, resulting in repeated VA hospital visits from March 19, 2004, through July 18, 2018.

On August 8, 2018, Roldán filed an administrative claim under the FTCA for medical malpractice related to the 1995 intramedullary rod fixation and removal surgeries. Two months later, the VA denied the claim, concluding that it was time-barred. He then filed suit in federal district court for the District of Puerto Rico on April 9, 2019. In February 2020, Roldán received an MRI of his right knee that revealed an old, healed tibial fracture and "[s]mall metallic artifacts" in his tibia and knee. He then amended his complaint to include the results of the MRI. Roldán subsequently underwent a CT scan of his right knee in April 2022, and the scan revealed "no acute displaced fracture or dislocation" and "small metallic densities . . . probably associated to postsurgical changes."

The government moved for summary judgment, contending that Roldán's medical malpractice claim was untimely and that the 2020 MRI did not toll the accrual date. While the summary judgment motion was pending, Roldán submitted an affidavit presenting two primary claims. First, he averred that an unnamed infectious disease specialist told him in 2018 that his recurring infections

were caused by the 1995 surgery on his right leg. Second, he stated that he first learned about the metal in his right leg after the 2020 MRI, which induced him to request his medical records and discover a 2012 x-ray report containing findings that there were metallic traces in his right tibia. As relevant here, the government argued that, inter alia, the new facts in the affidavit would not toll the accrual date.

The district court agreed, concluding that Roldán's claims accrued, at the latest, on December 2, 1995, because he would have been "well aware that he was potentially developing side effects of the rod fixation surgery" at that time. Thus, the 2020 MRI could not toll the accrual date of a claim that was already time-barred.

On appeal, Roldán asserts that the district court erred when it found that his FTCA medical malpractice claim was time-barred because it accrued in 1995. Specifically, he theorizes that his claim first accrued in 2018, when he was told that his infections were related to the 1995 surgeries, and that the 2020 MRI revealing the metal in his leg also tolled the accrual date. He further contends that his Puerto Rico law claims were timely for the same reasons as his FTCA claim. These arguments fail.

We review decisions to grant motions for summary judgment on statute of limitations grounds de novo, construing the record in the light most favorable to the non-moving party.

Morales-Melecio v. United States (Dep't of Health & Hum. Servs.), 890 F.3d 361, 367 (1st Cir. 2018) (quoting Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 405-06 (1st Cir. 2009)). We will affirm so long as "there is no genuine issue of material fact and the undisputed facts indicate that the moving party is entitled to judgment as a matter of law." Id. at 367-68.

The FTCA "forever bar[s]" a tort claim against the United States "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Generally, a FTCA claim "accrues at the time of the plaintiff's injury." O'Brien v. United States, __ F.4th __, 2025 WL 2621596, at *7 (1st Cir. Sept. 11, 2025). In medical malpractice cases, the discovery rule "may delay accrual until a plaintiff knows (or reasonably should know) both that he is injured and what caused his injury." Sanchez v. United States, 740 F.3d 47, 52 (1st Cir. 2014). Nevertheless, for a claim to accrue, the plaintiff does not need to know the full extent of the injury or whether the injury was negligently inflicted; nor must the plaintiff possess definitive knowledge of the injury's cause. See Morales-Melecio, 890 F.3d at 369 (citing cases). However, once a plaintiff is aware of the probable cause and existence of the injury, it is incumbent upon him to "bear[] the burden of seeking further advice from the medical and legal communities to decide whether he has a viable cause of action." Id. at 368. We use "an

- 6 -

objective standard," Sanchez, 740 F.3d at 52, to evaluate "what a reasonable plaintiff should have known or discovered." Donahue v. United States, 634 F.3d 615, 624 (1st Cir. 2011).

The district court correctly determined that Roldán's claims accrued when he was discharged from the VA on December 2, 1995, after a multi-week hospital stay to treat cellulitis on his right leg.[2] The hospital stay followed a September 1995 infection and subsequent surgery to remove the intramedullary rod and nail. Thus, by December 1995, Roldán should have been on notice that he had a claim, because he had suffered repeated infections in his right leg and needed surgical correction to that leg -- the same leg that the VA originally operated on in January 1995. See, e.g., McCullough v. United States, 607 F.3d 1355, 1360 (11th Cir. 2010) (finding that pain, swelling, and fever, as well as surgery in the same location as the pain should have alerted the plaintiff to negligence by VA doctors); Reilly v. United States, 513 F.2d 147, 150 (8th Cir. 1975) (affirming the determination that a hospital readmission and subsequent procedures were sufficiently "extreme and unexpected consequence[s]" to put appellant on notice); Mello

---

[2] In reaching this determination, the district court wrote that Roldán's December 2, 1995, discharge occurred after his "third visit to the VA related to his rod fixation surgery." Though Roldán had visited the VA emergency room three times to examine his leg by December 1995, only two of those times were after his rod fixation surgery. This minor discrepancy does not affect our analysis.

v. United States, 435 F. Supp. 3d 327, 329 n.1 (D. Mass. 2020) (concluding that a plaintiff who developed a "large, red blister" at his acupuncture site could "hardly disclaim knowledge" of his injury and its cause). Roldán therefore had sufficient information for his claim to accrue in December 1995, and any information he learned after that time from the infectious disease specialist and MRI does not toll the accrual date for his FTCA claim. See Bradley v. U.S. by Veterans Admin., 951 F.2d 268, 271 (10th Cir. 1991) ("To allow Plaintiff to postpone accrual until he is passively informed by an outside source that his injury was negligently inflicted would serve to undermine the purpose of the limitations statute, that claims against the government require diligent presentation.").[3]

For similar reasons, Roldán's claims under Puerto Rico Civil Code Articles 1802 and 1803, P.R. Laws Ann. tit. §§ 5141-42, are also untimely. Pursuant to Puerto Rico law, the statute of limitations for medical malpractice actions under these articles

---

[3] Although Roldán did not argue equitable tolling or estoppel to the district court, Roldán makes passing reference to these doctrines as a ground for deeming his FTCA claim timely on appeal. Even setting aside Roldán's failure to present these arguments below, Roldán has not sufficiently developed them for us to consider them. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Where, as here, a party barely sketches the contours of the argument, this Court is not obligated to develop it for him. See id. In any event, Roldán has not pointed to any extraordinary circumstances or misconduct that appears to warrant application of equitable estoppel or tolling.

is one year. See Santana-Concepción v. Centro Médico del Turabo, Inc., 768 F.3d 5, 9 (1st Cir. 2014) (citing P.R. Laws Ann. tit. 31, § 5298 (2008)). Given that the district court correctly concluded that Roldán's claims for his leg injury accrued in 1995, it properly dismissed his state law claims as untimely.[4]

**Affirmed**.

---

[4] We note also that the United States has not waived its sovereign immunity for suits under Puerto Rico law, see Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000), which means that there is likely no subject-matter jurisdiction over these claims. See Mahon v. United States, 742 F.3d 11, 12 (1st Cir. 2014).