16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry N. BODE, Plaintiff-Appellant,
v.
W. A. PERRILL, Warden; T. Billinger, Counselor; John O.
O'Neill, inmate; B. James, A.W.; J. Graham,
Defendants-Appellees.
 No. 93-1447.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Larry N. Bode, an inmate at the Federal Corrections Institute (FCI), Littleton, Colorado, appearing pro se, and having been granted leave to proceed in forma pauperis, appeals from an order of the district court adopting the Recommendation of the magistrate judge, following Bode's objections thereto, and dismissing his civil rights complaint filed pursuant to 42 U.S.C.1983.
 
 
 3
 Bode filed a civil rights complaint against FCI Warden W. Perrill, Assistant Warden B. James, Captain J. Graham, Counselor T. Billinger, and John O'Neill, an FCI inmate. Although largely unintelligible, the essence of Bode's complaint is that appellees had engaged in malfeasance, misfeasance and conspiracy by being indifferent to his complaints that O'Neill, who had apparently shared a cell with Bode, had, inter alia, given away Bode's property, opened windows and doors to create a cross-draft and freeze out, slammed a locker door, played cards and chess at all hours, and turned the lights off and on.
 
 
 4
 Bode alleged that he was "being FORCED to subscribe to CRUEL AND UNUSUAL punishment, from an inmate [O'Neill]." (R., Vol. I, Tab 3 at 5). Bode requested declaratory relief, injunctive relief, and over one billion dollars in compensatory damages.
 
 
 5
 Bode's complaint was referred to a magistrate judge. Within his Recommendation that Bode's complaint should be dismissed, the magistrate judge found:
 
 
 6
 Larry N. Bode has filed a complaint consisting of 10 pages of rambling allegations that are not intelligible. The plaintiff apparently became embroiled in a dispute with inmate John O'Neill. O'Neill may have been the cell mate of Bode. (see page 3). Bode sets forth various acts of O'Neill and comes to the conclusion that they are "juvenile acts." (page 4). The plaintiff requests that the warden move O'Neill to "F.C.I. Milan, Michigan.... Teledega, Alabama, or El Reno, Oklahoma" (sic); to move plaintiff to "F.C.I. Jessup, AL, or F.C.I. Marinetta, Ga., or to Manchester, Ky." (sic); or to move O'Neill to "F.C.I. MacNeal, Pa., or to Otisville, Conn." (sic). He also requests monetary damages.
 
 
 7
 The plaintiff's complaint fails to state a claim. The plaintiff obviously did not like his cell mate, John O'Neill, and his "juvenile antics." This does not rise to a constitutional claim. Glover River Org. v. United States Dep't of Interior, 675 F.2d 251, 253 (10th Cir.1982); Ingraham v. Wright, 430 U.S. 651, 674 (1977) (de minimis claim).
 
 
 8
 (R., Vol. I, Tab 4 at 1-2).
 
 
 9
 The district court, following de novo review of the magistrate judge's Recommendation and Bode's objections thereto, adopted the magistrate judge's Recommendation and dismissed Bode's complaint with prejudice.
 
 
 10
 Bode's appellate brief is unintelligible. However, because Bode is proceeding pro se, we will consider his brief liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and construe it as a challenge to the district court's dismissal with prejudice.
 
 
 11
 We review the sufficiency of a complaint de novo. Bradley v. United States by Veterans Administration, 951 F.2d 268, 270 (10th Cir.1991). A complaint should not be dismissed unless, accepting plaintiff's allegations as true, it appears beyond doubt that plaintiff can prove no set of facts to support the claim for relief. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). To state a valid 1983 claim, a plaintiff must allege that defendants acted under of color of state law to deprive him of a right secured by the Constitution. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).
 
 
 12
 Applying these standards to the facts herein, we hold that the district court did not err in dismissing Bode's 1983 complaint with prejudice. We agree with the magistrate judge that Bode's complaint "consist[ed] of 10 pages of rambling allegations that are not intelligible" and that Bode's dislike for O'Neill and O'Neill's "juvenile acts" fails to state a 1983 claim. In order to state a 1983 claim involving a challenge to prison conditions, a prisoner must allege a specific unconstitutional treatment. Wilwording v. Swenson, 404 U.S. 249 (1971) (living conditions in solitary confinement alleged to be violative of Eighth Amendment); Houghton v. Shafer, 392 U.S. 639 (1968) (confiscation of legal materials alleged to be necessary in order to process appeal). In Rhodes v. Chapman, 452 U.S. 337 (1981), the Supreme Court held that in a challenge to prison conditions alleged to constitute cruel and unusual punishment under the Eighth Amendment the courts must look to the "totality of conditions" and apply the "shock the conscience" test to determine whether the punishment is disproportionate to the crimes committed. Bode has utterly failed to state such a claim.
 
 
 13
 We will not interfere with the normal operations of prison management or the placement of inmates within the prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----