FILED
United States Court of Appeals
Tenth Circuit

August 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY TYRONE MORRISON,

Plaintiff – Appellant,

v.

ASHOK KACHE, M.D., M.BA.;
REASOR'S, LLC; HEALTHSPRING
LIFE & HEALTH INSURANCE
COMPANY, INC.; f/k/a Health Spring;
and MORTON COMPREHENSIVE
HEALTH SERVICES, INC.,

Defendants – Appellees.

No. 14-5031
(No. 4:13-CV-00176-JED-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

The district court dismissed Gary Morrison's complaint for lack of subject matter

jurisdiction. Proceeding pro se, Morrison alleged that he was improperly prescribed

medication that caused medical problems. He named four defendants. Three of them,

Ashok Kache, M.D., Reasor's, LLC ("Reasor's"), and HealthSpring Life & Health

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Insurance Company ("HealthSpring"), are medical care providers or insurers. The fourth, Morton Comprehensive Health Services, Inc. ("Morton"), is a federally supported health care center.

## BACKGROUND

Morrison's complaint states that his lawsuit is "[a] simple case of a cover-up, behind the fact that two seperate [sic] medications were given to me, one that was prescribed the other medicine given to me without prescription from a doctor." 4:13-CV-00176-JED-FHM, doc. 1, at 1. As for his "cause of action", Morrison states "[t]hat the medicine that I was given by way of prescription caused complications to my health and thus medication was administered to me as a cover-up." *Id.* at 1–2. And as to the supporting facts, Morrison states only that he "will provide in court." *Id.* at 2.

Defendants Ashok Kache, M.D., and Reasor's, LLC ("Reasor's") sought dismissal of Morrison's complaint for lack of subject matter jurisdiction. They argued that Morrison's suit lacked diversity because his complaint states that he is an Oklahoma resident and that Dr. Kache and Reasor's also reside in Oklahoma. The United States, acting on behalf of Morton also sought dismissal for lack of jurisdiction. It argued that Morrison failed to exhaust necessary administrative remedies. The district court granted the motions to dismiss.

## STANDARDS

We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b). *Satterfield v. Malloy*, 700 F.3d 1231, 1233 (10th Cir. 2012).

Because Morrison is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But he still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Likewise, his pro se status does not excuse his obligation to comply with the requirements of substantive law. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "Because the jurisdiction of federal courts is limited, there is a presumption against [federal jurisdiction], and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (citations omitted). "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Holt*, 46 F.3d at 1003). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Id.*

## DISCUSSION

The district court found that it lacked subject matter jurisdiction over the claims against Morton because Morrison failed to exhaust his administrative remedies. The district court noted that Morton is a federally supported health care center, which is considered to be part of the United States Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). *See* 4:13-CV-00176-JED-FHM, doc. 34-1, Ex. 1, Declaration of Meredith Torres. A suit against Morton, then, is treated like a suit against the United States. *See* 42 U.S.C.A. § 233(a).

The United States is immune to suit unless it has consented to be sued. Where it has consented to suit, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The United States has provided a limited waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The FTCA allows suit for a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). "Because the FTCA constitutes a waiver of the government's sovereign immunity [the FTCA requires notice to the government, and] the notice requirements established by the FTCA must be strictly construed." *Trentadue*, 397 F.3d at 852 (10th Cir. 2005); *see also* 28 U.S.C. § 2675. "The [notice] requirements are

jurisdictional and cannot be waived." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). In particular, the FTCA "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Trentadue*, 397 F.3d at 852 (quoting *Bradley,* 951 F.2d at 270).

The district court found that Morrison failed to exhaust his administrative remedies under the FTCA because he made no attempt to file an administrative tort claim with respect to his claim(s) against Morton. We agree.

The district court also found that it lacked subject matter jurisdiction over Morrison's claims against the remaining defendants—Kache, Reasor's, and HealthSpring. The district court could not identify the existence of any federal question raised by Morrison's complaint. And the district court concluded that the parties lack the complete diversity necessary to invoke this Court's jurisdiction under § 1332 because according to the complaint, Morrison (the plaintiff) is a citizen of the same state as Kache, and Reasor's (the defendants). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 584 (2005) (Complete diversity means that "all parties on plaintiffs' side must be diverse from all parties on defendants' side."). We agree.

## CONCLUSION

Viewing the pleadings generously, we find no error in the district court's order dismissing Morrison's complaint based on the lack of subject matter jurisdiction. Thus, we dismiss this appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge