**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EUGENE X. WILSON,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 01-3224
(District of Kansas)
(D.C. No. 99-CV-3347-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Eugene X. Wilson appeals the district court's dismissal of the civil action he brought against four correctional officers employed at the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

United States Penitentiary in Leavenworth, Kansas. In his complaint, Wilson alleged that the officers lost or misplaced forty-five books that were confiscated from his prison cell. Wilson sought $750.00 in compensatory damages, the alleged value of the lost books. After the Attorney General certified that the four officers were acting within the scope of their employment, the officers moved to substitute the United States as defendant pursuant to 28 U.S.C. § 2679(d)(1). The district court granted the motion. The United States then moved to dismiss Wilson's complaint. The district court concluded that the United States had not waived its sovereign immunity from the suit brought by Wilson and, thus, granted the motion to dismiss. Wilson brought this appeal.

In his appellate brief, Wilson raises both First Amendment and Religious Freedom Restoration Act claims. Because these claims have been raised for the first time on appeal, this court declines to address them. *See Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n.22 (10th Cir. 1995) (noting that in the absence of extraordinary circumstances this court will not consider issues raised for the first time on appeal).

Wilson also argues that the district court erred when it construed his claims as arising under the Federal Tort Claims Act ("FTCA") and substituted the United States as defendant. The district court concluded that it was required to substitute the United States when the Attorney General certified that the correctional

officers were acting within the scope of their employment.  The court relied upon

28 U.S.C. § 2679(d)(1) which states,

> Upon certification by the Attorney General that the defendant
> employee was acting within the scope of his office or employment at
> the time of the incident out of which the claim arose, any civil action
> or proceeding commended upon such claim in the United States
> district court shall be deemed an action against the United States . . .
> and the United States *shall* be substituted as the party defendant.

(emphasis added).  Wilson argues that his claims do not arise under the FTCA

and, therefore, 28 U.S.C. § 2679(d)(1) is inapplicable.  Wilson contends that his

complaint states a viable Fifth Amendment due process claim.  *See Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389

(1971).  Wilson's argument is foreclosed by Supreme Court precedent.  *See*

*Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is

simply not implicated by a *negligent* act of an official causing unintended loss of

or injury to life, liberty or property." (emphasis in original)).  Even if Wilson's

complaint could be construed as raising a claim that the correctional officers

*intentionally* deprived him of his property, he cannot state a constitutional

violation.  The prison provided Wilson with an administrative remedy after the

loss of his books.  Thus, he was afforded a meaningful post-deprivation remedy

for the alleged loss and cannot assert a constitutional claim.  *See Hudson v.*

*Palmer*, 468 U.S. 517, 533 (1984).  Consequently, we conclude that the district

court properly construed Wilson's claims as arising under the FTCA and properly substituted the United States as the defendant in this action.

Wilson also challenges the district court's conclusion that it lacked subject matter jurisdiction to hear his claims because they are barred by sovereign immunity. The court noted that the FTCA's broad waiver of sovereign immunity was limited in this case by an exception. That exception, found at 28 U.S.C. § 2680(c), provides that the waiver of sovereign immunity does not apply to any claim, "arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The district court concluded that (1) the confiscation of Wilson's books was a detention of goods and (2) the correctional officers were law enforcement officers under § 2680(c). Having reviewed the arguments of the parties, we can find no reversible error in the district court's analysis and conclusion. Consequently, we **affirm** the dismissal of Wilson's complaint for substantially those reasons stated by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-