FILED
United States Court of Appeals
Tenth Circuit

June 6, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

TU MY TONG,

    Plaintiff - Appellant,

v.

THE STATE OF NEW MEXICO;
THE GOVERNOR OF NEW MEXICO
SUSANA MARTINEZ; IDA
D'ANTONIO HAGEN, an individual;
LOUIS MARTINEZ, an individual;
JOHN DOES 1-100, inclusive;
UNITED STATES OF AMERICA,

    Defendants - Appellees.

No. 15-2144
(D.C. No. 2:15-CV-00191-MCA-SMV)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

    Tu My Tong filed this pro se action in New Mexico state court after a jury

acquitted her on federal human-trafficking charges. She alleged that various state

and federal officials committed intentional torts and violated her constitutional rights

in investigating and prosecuting her. Defendants Ida Hagen and Louis Martinez, an

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

FBI agent and federal prosecutor, respectively, removed the case to federal court. Once there, the United States substituted itself as a party in their place and filed a motion to dismiss. In response, Ms. Tong moved to remand the case to state court and for leave to file an amended complaint. Following this flurry of motions, the district court denied Ms. Tong's requests, dismissed her federal claims, and remanded her remaining claims to state court.

Though Ms. Tong's contentions on appeal are difficult to discern, her brief (liberally construed) appears to focus on three aspects of the district court's ruling. First, she complains that the district court lacked jurisdiction over her case and so should have remanded it to state court without dismissing her federal claims. But Ms. Tong's claims against the federal officers arose from the exercise of their official duties, and so those defendants were entitled to remove the case to federal court. *See* 28 U.S.C. § 1442(a)(1); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034-35 (10th Cir. 1998). Moreover, the U.S. Attorney for the District of New Mexico properly certified that those officers were acting within the scope of their employment when investigating and prosecuting Ms. Tong. So it is the United States was permitted to substitute itself as the party defendant in their place — at least with respect to Ms. Tong's tort claims. *See* 28 U.S.C. § 2679(d); 28 C.F.R. § 15.4; *Wilson v. United States*, 29 F. App'x 495, 496-97 (10th Cir. 2002).

Ms. Tong next objects to the district court's dismissal of her federal claims, but again we see no error. To the extent Ms. Tong alleges torts within the scope of the Federal Tort Claims Act, she does not dispute that she failed to comply with the

2

Act's exhaustion requirement. *See* 28 U.S.C. § 2675(a); *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). Neither does she respond to the district court's thoughtful analysis dismissing her constitutional claims. For example, though Ms. Tong seeks to revive her malicious prosecution claim, she does not address the district court's conclusion that Special Agent Hagen had probable cause to arrest and prosecute her. *See Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (noting malicious prosecution claim requires proof that "no probable cause supported the original arrest, continued confinement, or prosecution"). As for her selective prosecution claim, Ms. Tong once again points out that she is Vietnamese while the federal officials who prosecuted her, the government's witnesses, and her alleged victims were all Hispanic. But as the district court explained, this coincidence is far from sufficient to permit a reasonable inference that she was prosecuted on account of her race. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996) (requiring plaintiff to "show that similarly situated individuals of a different race were not prosecuted").

Lastly, Ms. Tong takes issue with the district court's last act, which was to remand her state law claims to state court. At this point, though, the district court had (and we think properly) dismissed all of her federal claims. Having done this much, it was within the district court's discretion to decline to exercise supplemental jurisdiction over any state law claims that remained. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)

3

("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

We affirm the district court's thorough and well-reasoned judgment. We also deny Ms. Tong's motion to amend her opening brief and her motion to reconsider this court's denial of her request to augment the record.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge